# EXHIBIT A

Paul File – Attorney ID No.: 027582010
**SNYDER SARNO D'ANIELLO**
**MACERI & da COSTA LLC**
425 Eagle Rock Avenue
Roseland, New Jersey 07068
(973) 274-5200
pfile@snydersarno.com
**Attorneys for Plaintiff**

| | | |
|---|---|---|
| MICHAEL GORGOLIONE, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION : ESSEX COUNTY |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | DOCKET NO.: ESX-L- |
| WALMART STORES, INC., WALMART INC., WALMART U.S., MED PAY 1-10, JOHN and JANE DOES 1-10 (fictitious unidentified individuals) AND ABC CORPORATIONS 1-10, (fictitious individuals, corporations or other business entities presently unidentifiable) | : | |
| | : | CIVIL ACTION |
| | : | |
| | : | **COMPLAINT, JURY DEMAND,** |
| | : | **DESIGNATION OF TRIAL COUNSEL ,** |
| | : | **DISCOVERY REQUESTS UPON** |
| | : | **DEFENDANTS, AND REQUEST FOR** |
| | : | **ADMISSIONS** |
| | : | |
| Defendants. | : | |

Plaintiff, MICHAEL GORGOLIONE, residing at 33 Mill Street, Apt. 9B in Newton, New Jersey, by way of Complaint against the defendants says:

**FIRST COUNT**

1. On or about June 08, 2021, Plaintiff, MICHAEL GORGOLIONE, was lawfully upon the premises of Defendants, WALMART STORES, INC., WALMART INC., WALMART U.S., located at 26 Hampton House Road in Newton, New Jersey.

2. Defendants, WALMART STORES, INC., WALMART INC., WALMART U.S., are retail businesses/corporations that operate throughout the State of New Jersey, including but especially, Essex County.

3. On or about the aforementioned date, such premises, including but not limited to the area

of the interior were owned, managed, supervised, maintained, constructed, repaired, installed, and/or controlled by Defendants, WALMART STORES, INC., WALMART INC., WALMART U.S., JOHN AND JANE DOES 1-10, and ABC CORPS 1-10.

4.     Defendants, John and Jane Does 1-10 and ABC Corporations 1-10 are fictitious individuals, corporations or business entities named herein for the expressed purpose of tolling the applicable statute of limitations and were either the owners, managers, supervisors, operators, or constructed, repaired, or maintained the aforesaid premises.

5. Defendants, breached their duties to Plaintiff, MICHAEL GORGOLIONE, by carelessly, recklessly, and negligently maintaining, repairing, managing, controlling operating, constructing and/or supervising the aforesaid premises.

6. As a direct and proximate result of the aforesaid negligence of the Defendants, Plaintiff was caused to be injured, after being placed in a dangerous situation by the Defendants on the premises.

7. Plaintiff, MICHAEL GORGOLIONE, was and will be caused to sustain severe personal injuries, suffered and in the future will suffer great pain, was caused to seek medical treatment and attention and was and will be prevented from engaging in his normal activities and pursuits and thereby did incur lost wages.

**WHEREFORE**, Plaintiff, MICHAEL GORGOLIONE, demands judgment against the defendants, for damages, interest and costs of this action.

## SECOND COUNT

1. Plaintiff, MICHAEL GORGOLIONE, repeats and realleges the allegations of the First Count as though set forth herein.

2. On the same date, defendants', including the fictitious defendants', negligent failure to remedy the dangerous and defective condition of the aforesaid premises constituted a breach of the implied warranty of habitability.

3. As a result of the defendants' breach of this implied warranty, plaintiff has sustained severe and permanent injuries; suffered and in the future will suffer considerable pain, was and will require to obtain medical attention and was and will be prevented from engaging in normal activities and pursuits and has and will incur lost wages.

**WHEREFORE**, Plaintiff, MICHAEL GORGOLIONE, demands judgment against all the defendants, for damages interest and costs of this action.

## THIRD COUNT

1. Plaintiff, MICHAEL GORGOLIONE, repeats and realleges the allegations of the First and Second Counts as though set forth herein.

2. On or about June 08, 2021, defendants, including the fictitious defendants, negligently failed to warn, inform, notify, or otherwise advise plaintiff that a dangerous condition existed on said premises.

3. As a result of the defendants' negligence, plaintiff sustained severe and permanent personal injuries of body, mind and emotion; endured excruciating pain and suffering; became disabled and impaired; incurred liabilities for medical care and treatment; lost employment earnings; and suffered a significant diminution in the quality and enjoyment of life.

**WHEREFORE**, Plaintiff, MICHAEL GORGOLIONE, demands judgment against the defendants, for damages, interest, attorney's fees, Court costs, and any other relief the Court deems fair and just.

# FOURTH COUNT

1. Plaintiff, MICHAEL GORGOLIONE, repeats and realleges the allegations of the First, Second and Third Counts as though set forth herein at length.

2. Defendants, WALMART STORES, INC., WALMART INC., WALMART U.S., JOHN AND JANE DOES 1-10, and ABC CORPS 1-10, are covered by and through an insurance policy with a Med Pay provision.

3. Said Med Pay policy is contracted through Defendant, MED PAY 1-10.

4. Defendant, MED PAY 1-10, is an undiscovered company but believed to exist, which operates in every county within the State of New Jersey, including Essex County.

5. Plaintiff has made a good faith effort to discover the policy covering Defendants, to no avail.

6. Plaintiff, MICHAEL GORGOLIONE, is entitled to Defendant's Med Pay payment.

7. As a result of this accident, Plaintiff, MICHAEL GORGOLIONE, has sustained serious and permanent injuries as well as medical expenses, bills, and letters of protection for reasonable and necessary medical attention, treatment and care.

8. Although Plaintiff has attempted to claim Defendant's Med Pay payments, medical bills remain outstanding.

**WHEREFORE**, Plaintiff, MICHAEL GORGOLIONE, demands judgment against Defendant, MED PAY 1-10, for damages, interest, attorney's fees, costs of suit, and any further relief the Court deems fair and just.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## CERTIFICATION

I hereby certify that the within action is not the subject of any other action or arbitration proceeding nor is any contemplated.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, the firm of SNYDER SARNO D'ANIELLO MACERI & da COSTA, LLC attorneys for Plaintiff, hereby appoint Paul da Costa, Esq. as trial counsel.

**SNYDER SARNO D'ANIELLO
MACERI & da COSTA, LLC**
Attorney for Plaintiff

*/s/ Paul File*

**By:**_____
 **PAUL FILE, ESQ.**

**Dated: May 02, 2022**

## DISCOVERY DEMANDS

Plaintiff requests answers to the following Interrogatories. Answers shall be served at the offices of the undersigned attorney within the time prescribed by our Court Rules.

If you later obtain information upon the basis of which you know your discover response was incorrect or incomplete, then you have the ongoing duty to supplement your discovery response.

We rely on your discovery responses. Our decisions as to which further discovery to make before trial, our selection of witnesses, and our preparations for trial, including searches for additional evidence not under your control, are based on your discovery responses. If you fail to supplement your responses, objection will be made at trial to introduction of any evidence not disclosed in your responses. In these interrogatories and demands, and in the requests for production, words in bold face have specific meanings. We use words in their common meanings, but mention these to be sure there is no misunderstanding.

" **Premises**" means the **Premises** defined in the Complaint in this lawsuit as the
place of the **Accident** and is the place about which this lawsuit is concerned.

" **Accident**" or "**Occurrence**" means the incident which is the subject of this
lawsuit, from which incident plaintiff claims injuries.

Both the word **"document"** and also the term **"electronically stored information"** include writings, drawings, graphs, charts, photographs, visual recordings, sound recordings, images, and other data or data compilations. Therefore we do not ordinarily use the word "photograph" because a photo is included in the word "document" if it is in paper format, and in the term "electronically stored information" if it is in electronic format.

" **Identify**" or **"List"** items which are not persons means you should make the identification as specified in the interrogatory. "**Identify**" items or **"List"** items in an interrogatory which asks you to respond with a **List**, does not seek a multi-part answer or an answer segregated as to each subpart, and is not an interrogatory with discrete subparts. Rather the interrogatory seeking a **"List"** seeks only one complete answer containing a full identity of the items in the category inquired about, with the information needed to identify potential witnesses and questions concerning the identified items.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Purusant to Rule 4:17-1 et seq., plaintiff here by demands that all defendants provide

answers to Form C and C-2 interrogatories.

## DEMAND FOR SUPPLEMENTAL INTERROGATORIES

1. Please state the name of any person or entity who was responsible for the operation and/or cleaning, and/or maintenance for the interior of the Walmart store in Newton, NJ in June of 2021.

2. Please state the name of any person or entity who performed any inspection, maintenance at the interior of the premises of the Walmart store in Newton, NJ in June of 2021.

3. Describe what efforts the defendant made to correct or warn of the hazard in the interior on the defendant's interior of the Walmart store in Newton, NJ in June of 2021.

4. Did the defendant (responding to this interrogatory) have any procedures for regular inspection of the interior of the premises of the Walmart store in Newton, NJ in June of 2021 to ensure the premises were in a safe condition.

5. If the answer to supplemental interrogatory No. 4 is in the affirmative, please describe by who the inspections were performed and if any written procedure was followed and if the inspections were documented (please produce the written procedure and documentation of the inspections).

6. If you are claiming any statutory or common law immunity please state the nature of the alleged immunity and the facts upon which you will rely to establish your claim.

7. Provide the name and address of any **(non-party)** individuals or entities that you allege are responsible for the subject accident or plaintiff's alleged injuries. Please describe how you believe those individuals or entities are responsible.

8. Do you have procedures which are intended to prevent **Accident**s such as Plaintiff suffered? If your answer is in the affirmative, then **Identify** all written procedures sufficiently so they may be subpoenaed, and describe all procedures that are not written.

## DEMAND FOR PRODUCTION OF DOCUMENTS

In these requests for production, if an item is stored in an electronic format, produce an electronic copy of the item in the format in which it is electronically stored.

Your attention is directed to the New Jersey Court Rules, which provides that an objection to part of a request must specify the part and permit inspection of the rest.

Pursuant to the New Jersey Court Rules, we specify that production, inspection and copying of requested items is to occur at the office of the undersigned attorney on

Or If you wish: alternatively, you may send the items to the undersigned attorney so they are received within the time period allotted by the New Jersey Court Rules.

1. Produce any deposition transcripts in the possession or control of you or your attorneys which are depositions taken in lawsuits within the last ten years involving any personal injury involving the defendant. If an item is stored in an electronic format, produce an electronic copy of the item in the format in which it is electronically stored.

2. Produce all oral or written statements made by Plaintiff (other than those made in depositions or medical records) in regard to the Occurrence.

3. Produce all written procedures which are intended to prevent Accidents such as the one Plaintiff alleges. If there are procedures that were not written, please describe all procedures that are not written.

4. Produce any notes, records, documents (including photos and data recordings) electronically stored materials, or tangible items produced by the investigations, tests, experiments, or recreation/reconstruction of the Accident.

5. Produce and allow us to inspect and copy any notes, records, documents (including photos and data recordings) electronically stored materials, or tangible items produced by the inspections of the property within the last 5 years. If certain inspections were performed at the direction of an attorney, please identify those inspection in a privilege log.

6. Produce all logs or daily reports or other reports produced in the ordinary course of business which show the cleaning or maintenance of the floors for the 30 days before, and the 30 days after the accident.

7. Produce specimens of the forms, checklists and directions used (a) at the time of the incident and (b) now — for inspections of the floors used by tenants.

8. Produce all employee instructions (including but not limited to safety manuals of your company which contain instructions regarding safety of tenants) to provide for the safety of tenants using the floors in the interior of the premises described in the complaint.

9. Produce all written instructions, procedures, manuals, specifications or handbooks for cleaning and maintaining floors at the building involved in the complaint in this litigation. This request for production includes, but not as a limitation, your company's instructions, the instructions used by any contracted maintenance personnel, and all labels on the products and machines used in cleaning and maintaining the floors.

10. Produce all the specifications for the materials used for floor surfaces for the floors used by tenants at the building where the accident is alleged to have occurred.

11. Any and all statements or reports made by any person or governmental entity concerning this

civil action or its subject matter.

12. Copies of any and all photographs in your possession of the location, the alleged condition, or the parties involved in this accident.

13. Copies of any and all estimates, bills, or invoices for work or repair done to the area of the incident for five years prior and subsequent to the incident.

14. Copies of any claims information bureau or other insurance claims searches or other documents referencing any prior or subsequent injuries and/or claims by the plaintiff.

15. Copies of any statements made by any person with regard to the happening of the collision or having to do with the subject matter of this action.

16. Copies of any and all expert reports, reports of diagnostic tests, hospital and medical records, X-rays, CAT scan films, MRI films and any other films and bills relating to any condition or injury sustained by the plaintiff.

17. Copies of all written reports or summaries of oral reports of all expert or treating or examining physicians along with their curriculum vitae.

18. Copies of any and all books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations or other published documents referred to, utilized by or relied upon by any expert witness whom plaintiff/defendant intends to call at the time of trial.

19. Copies of any and all documents, reports, correspondence, blue prints, charts, diagrams, drawings, graphs, maps, plats, plans, photographs, models or other visual reproductions of any object, place or thing prepared or utilized by, referred to or relied upon by any expert witnesses, whether or not you intend on calling them at the time of trial.

20. Copies of any and all photographs, diagrams, charts, drawings, maps, plans or models or other visual reproductions of any object, place or thing related to this litigation.

21. All documents, tangible evidence or other items relevant to the incident set forth in the plaintiff's complaint.

22. All deeds, leases, contracts, invoices, maintenance agreements, or records pertaining to any person, vehicle, or premises identified in the plaintiff's complaint.

23. Copies of any and all surveillance or other video of the persons involved in the incident, the incident itself, the plaintiff, or of any other matter that is relevant to the within action.

24. If you are not supplying any statement, report, medical record or other item requested herein, identify the item; indicate who has possession of the item; specify their address and state the reason why the items are not being provided.

25. Copies of any sweep, monitoring, or inspection logs or other documentation reflecting or referencing regular inspection of the premises.

26. Was any type of surveillance taken of the plaintiff and, if so, state the name, address and occupation of the person performing such surveillance, the dates of this surveillance, and produce copies of any and all surveillance materials along with logs and any other materials relating to the surveillance.

27. Provide all videos and/or images and/or photographs and/or any depiction of the plaintiff.

28. Provide all videos and/or images and/or photographs and/or any depiction of the accident scene and of the accident itself.

29. With respect to any expert of the defendant, provide:
   i)   a complete statement of all opinions the witness will express and the basis and reasons for them:
   ii)  the date or other information considered by the witness in forming them;
   iii) any exhibits that will be used to summarize or support them;
   iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;
   v)   a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition;
   vi)  a statement of the compensation to be paid for the study and testimony in this case.

30. Please produce all written procedures for addressing the maintenance of the Walmart store in Newton, NJ in place in June of 2021.

31. Please produce all contracts related to interior maintenance of the Walmart store in Newton, NJ in place in June of 2021.

32. Please produce all documentation of all inspections performed by defendants of the Walmart store in Newton, NJ from May 1, 2021 through July 31, 2021.

# REQUEST FOR ADMISSIONS

Pursuant to Rule 4:22-1, et seq., plaintiff hereby demands that defendants provide answers to the following:

1. At the time of the alleged incident the premises where the incident is alleged to have occurred was owned by the defendant responding to this admission.

_____ Admitted          _____ Denied

2. At the time of the alleged incident the premises where the incident is alleged to have occurred was leased by the defendant responding to this admission.

_____ Admitted          _____ Denied

3. At the time of the alleged incident the defendant responding to this admission was the responsible defendant maintenance on premises where the incident is alleged to have occurred.

_____ Admitted          _____ Denied

4. At the time of the alleged incident the defendant's property was commercial property.

_____ Admitted          _____ Denied

5. At the time of the alleged incident the premises where the incident is alleged to have occurred, the defendant responding to this admission was the property manager.

_____ Admitted          _____ Denied

6. At any time following the Subject Incident, Defendant was in possession of photographs related to the    Subject Incident.

_____ Admitted          _____ Denied

7. At any time following the Subject Incident, Defendant's insurance carrier was in possession of photographs related to the Subject Incident.

_____ Admitted          _____ Denied

8. At any time following the Subject Incident, Defendant was in possession of video and/or surveillance    footage related to the Subject Incident.

_____ Admitted          _____ Denied

9. At any time following the Subject Incident, Defendant's insurance carrier was in possession of video and/or surveillance footage related to the Subject Incident.

_____ Admitted          _____ Denied

10. On the Subject Incident date, Defendant called 911 and/or other emergency responders to report the Subject Incident.

_____ Admitted          _____ Denied

11. At any time following the Subject Incident, Defendant(s) and/or their insurance carrier, obtained a      statement from a witness to the Subject Incident.

_____ Admitted          _____ Denied

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2 (b) demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. If the answer is "yes" attach a copy of each or in the alternative state, under oath or certification (a) number (b) name and address of insurer or issuer (c) inception and expiration dates (d) names and addresses of all persons insured thereunder (e) personal injury limits (f) property damage limits (g) medical payment limits (h) name and address of person who has custody and possession thereof (i) where and when each policy or agreement can be inspected and copied., (j) excess coverage, (k) concurrent coverage, (l) umbrella policies.

                                                  **SNYDER SARNO D'ANIELLO**
                                                  **MACERI & da COSTA, LLC**
                                                  Attorney for Plaintiff

                                                             /s/ Paul File

                                                **By:**_____
                                                  **PAUL FILE, ESQ.**

**Dated:  May 02, 2022**

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-002742-22

**Case Caption:** GORGOLIONE MICHAEL VS WALMART STORES, INC.
**Case Initiation Date:** 05/10/2022
**Attorney Name:** PAUL D FILE
**Firm Name:** SNYDER SARNO D'ANIELLO MACERI DA COSTA
**Address:** 425 EAGLE ROCK AVE ROSELAND NJ 070681028
**Phone:** 9732745200
**Name of Party:** PLAINTIFF : Gorgolione, Michael
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Michael Gorgolione?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO
**If yes, is that relationship:**
**Does the statute governing this case provide for payment of fees by the losing party?** NO
**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/10/2022
Dated

/s/ PAUL D FILE
Signed